## Rector *v.* Price.

Where the consideration of a promissory note for the payment of money at a time certain, was a bond in which the payee agreed without fixing any definite period for performance, to procure a deed from the person entitled to an Indian reservation and to make all the necessary proof before the government officer to perfect the title: *Held*, an action could be sustained on the note, although the title to the land had not been perfected, in as much as the agreement to pay was independent of the covenant to make titles. The remedy of the vendee is in a suit on the bond for covenants broken.

ERROR to the circuit court of Attala county.

Huntington and Webber, for plaintiff in error.

Mr. Justice TROTTER delivered the opinion of the court.

This is a writ of error to the circuit court of Attala county. The defendant in error brought an action of *assumpsit* in the court below upon a promissory note made by the plaintiff in error, on the 1st day of September, 1837, and payable to the order of the defendant, on or before the 1st day of January next, after its date. The defendant, in answer to the action, pleaded *non assumpsit*. There was a verdict for the plaintiff, for the amount of the note. The bill of exceptions shows, that on the trial, the defendant, in support of his plea, offered to read in evidence, a bond executed by the plaintiff to him on the day of the date of the promissory note sued on, by which he covenanted to procure from one Nittuckhoma, or her legal representatives, a deed or conveyance of the tract of land sold by him to the defendant, and for which said note was executed as a part of the consideration agreed upon for the same, to be made to the defendant, without any guarantee as to its location. The bond so offered, further covenanted, that the plaintiff should present the deed when obtained, to the agent of the government appointed to certify contracts for reservations, under the treaty of Dancing Rabbit, and

[Rector v. Price.]

make such other proof as was requisite to obtain the approval and sanction of the agent. The bond specifies no time within which these acts on the part of Price were to be performed, nor does it make their performance a condition precedent to the payment of the notes which were made to secure the payment of the purchase money. The defendant offered, also, to prove a breach of the covenants in this bond, but the court refused to hear the proof, or to permit the bond to go as evidence to the jury. If the defendant in error has broken the covenants in this bond, the plaintiff has an undoubted right to recover the damages to which he may be entitled for the breach. A breach of these covenants, however, can form no defence to a suit on the note. The covenant here is distinct and independent of the promise to pay the money specified in the note. This is not the case of dependent covenants, where one action is a condition precedent to the performance of the other. Here a day certain is appointed for the payment of the money in the note. There is no. time fixed in the bond for the performance of the acts then stipulated to be done by the vendor of the land. The defendant below, therefore, bound himself absolutely to pay the money, and relied on the bond as an indemnity in case there should be a failure to procure the title. In deciding upon what are dependent, and what are independent covenants, we must be controlled by the evident sense and meaning of the parties. It is a general rule in the construction of agreements with reference to this question, that where a day is appointed for payment by the defendant, and such day is to happen, before the thing, which was the consideration of the defendant's contract, was to be performed, an action may be brought for the money, for it appears that the defendant relied on his remedy. And so it is, where no time is fixed for the performance of that which is the consideration of the money. 1 Chit. Plead. 281; 1 Saund. 220. This is exactly the condition of the case before us. The defendant promised to pay the money mentioned in the note sued on, on the 1st day of January, 1838. The plaintiff promised to procure him a deed from the reservee of the land under the treaty, and do certain acts for the security and perfection of the title, but fixed no time when these things should be performed. It falls, therefore, precisely within the general

[Rector *v.* Price.]

principle adverted to in the books.   And besides, it is very evi-
dent that the vendor never intended to confine himself within any
limited period in procuring the title.   From the situation of the
title, and the nature of the preliminary proofs before the locating
agent, it was impossible for him to anticipate when it would be
practicable to perform the several stipulations in the bond.   It is
not pretended in this case, that there is no title in the reserve
under the treaty.   If, however, it shall be found hereafter, that
no title can be made, the defendant can have his remedy upon it.

The judgment of the circuit court must be affirmed, with
damages, &c.